STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
ROGER W. BACKLAR, ESQ.; STATE BAR NO.: 225277

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail:  sforman@tharpe-howell.com
E-Mail:  rbacklar@tharpe-howell.com

Attorneys for Defendant, LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN LANCASTER,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, d.b.a. LOWE'S and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: '22CV406 LAB AHG<br>Superior Court Case No.: 37-2021-00051596-CU-PO-NC<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**<br><br>Complaint Filed: December 9, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332 and § 1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneous with the filing of this notice, is affecting the removal of the below-referenced action from the Superior Court of the State of California for the County of San Diego, to the United States District Court, Southern District of California.  The removal is based, specifically, on the following grounds:

///

///

///

///

///

- 1 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

## JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On December 9, 2021, Plaintiff Kathleen Lancaster commenced the above-entitled civil action in the Superior Court for the County of San Diego by filing a Complaint therein entitled *Kathleen Lancaster v. Lowe's Home Centers, LLC, et al.,* Case No. 37-2021-00051596-CU-PO-NC. True and correct copies of the Summons and Complaint filed in this matter are attached hereto as **Exhibit "A."**

4. On December 16, 2021, Plaintiff purported to affect substitute service of the Summons and Complaint (**Exhibit "A"**), on LOWE'S HOME CENTERS, LLC, by delivering a copy to an employee at a Lowe's store in Vista, California, and thereafter mailing a copy of the Summons and Complaint to the Store.

5. On December 17, 2021, Plaintiff filed with the Superior Court a Proof of Service reflecting this purported service. A true and correct copy of this Proof of Service is attached hereto as **Exhibit "B."**

6. On or about February 7, 2022, Plaintiff's counsel served a copy of the Summons and Complaint (**Exhibit "A"**) on defense counsel, along with a Notice and Acknowledgment of Receipt. Counsel for Defendant Lowe's Home Centers, LLC, promptly executed and returned a copy of the Notice and Acknowledgment. A true and correct copy of the fully executed Notice and Acknowledgment of Receipt is attached hereto as **Exhibit "C."**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. Also served on Defendant were the following documents, true and correct copies of which are attached hereto as **Exhibit "D"**:

    a. Civil Case Cover Sheet;

    b. Notice of Case Assignment and Case Management Conference

8. On February 15, 2022, Defendant Lowe's Home Centers, LLC, filed and served its Answer to Plaintiff's Complaint in the San Diego County Superior Court. A true and correct copy of Lowe's Answer is attached hereto as **Exhibit "E."**

9. Also on February 15, 2022, Defendant filed and served its Demand for Trial by Jury in the state court, a true and correct copy of which is attached hereto as **Exhibit "F."**

10. On February 23, 2022, Defendant filed its Notice of Posting Jury Fees, a true and correct copy of which is attached hereto as **Exhibit "G."**

11. The attached exhibits constitute all process, pleadings and orders served by or upon Defendant in this matter.

## DIVERSITY

**A.    Citizenship**

12. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

13. Plaintiff was, at the time of the filing of this action, and presently remains domiciled in the State of California and is therefore a citizen of the State of California.

14. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed

limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc., is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC, is a citizen of the State of North Carolina.

15. Therefore, complete diversity of citizenship exists as between Plaintiff KATHLEEN LANCASTER and Defendant LOWE'S HOME CENTERS, LLC.

### B. Fictitious Does

16. Defendants DOES 1 to 100, are wholly fictitious. The Complaint does not set forth the identity, citizenship, or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under Section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

### AMOUNT IN CONTROVERSY

17. Plaintiff's Complaint sets forth causes of action for general negligence and premises liability. *See,* **Exhibit "A."** Plaintiff alleges that on March 11, 2021, she was shopping at Defendant's retail store when she tripped and fell over an umbrella stand left in the common area. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

18. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only

---

[1] California law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

- 4 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

19. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

20. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order, "or other paper" from which it may first be ascertained that the case is one which is or has become removable. The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. On March 11, 2022, Plaintiff served Defendant a Statement of Damages in which she states that she seeks general damages of $5,000,000.00 and special damages of at least $226,605.60. Thus, Plaintiff's economic damage claim alone exceeds $75,000. True and correct copies of Plaintiff's Statement of Damages are attached hereto as **Exhibit "H."**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

21.  The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

22.  Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

**TIMELINESS OF REMOVAL**

23.  This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Statement of Damages on March 11, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

24.  Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed her Complaint on December 9, 2021.

25.  For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and removal is proper at this time.

Dated: March 28, 2022                                         THARPE & HOWELL, LLP

By:   */s/ Stephanie Forman*
STEPHANIE FORMAN
ROGER W. BACKLAR
Attorneys for Defendant,
LOWE'S HOME CENTERS. LLC

- 6 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & § 1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Malcolm B. Roberts, Esq.<br>John K. Landay, Esq.<br>LANDAY ROBERTS LLP<br>600 W. Broadway, Suite 700<br>San Diego, CA 92101<br>Tel: 619.230.5712<br>Email: mroberts@landayroberts.com<br>Email: jlanday@landayroberts.com | Attorneys for Plaintiff, KATHLEEN LANCASTER |

5. a ___ **BY PERSONAL SERVICE.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

   b **X** **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one):*

   (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

   (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

c ___ **BY OVERNIGHT DELIVERY.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d ___ **BY FAX TRANSMISSION.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

e ___ **BY ELECTRONIC TRANSMISSION.** By filing through the Court's CM/ECF system, which resulted in the generation of a Notice of Electronic Filing (NEF) confirming service on all registered CM/ECF users, including the person(s) listed above in item 4. Fed.R.Civ.P. 5(b)(2)(E), Southern District Local Rule 5.4.

f ___ **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 3/28/22 | Bertha Muñoz | *Bertha Muñoz* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32694\Pleadings\FEDERAL\Notice of Removal (JMJ REVISED) - FINAL.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 8 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**